IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>               **Plaintiff,**<br><br>v.<br><br>**DAVID SMALL,**<br><br>               **Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:16-CR-47-DAK<br><br>Judge Dale A. Kimball |

       This matter is before the court on Defendant's Motion for Reduction in Sentence Under 18 U.S.C. § 3582(c)(1)(A). In May 2017, Defendant pleaded guilty to one count of Interference with Commerce By Threat or Violence/Hobbs Act Robbery in violation of 18 U.S.C. § 1951(a) and one count of Use of a Firearm in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c). On August 1, 2017, this court sentenced Defendant to 144 months imprisonment and 60 months of supervised released. Defendant now requests that, pursuant to 18 U.S.C. § 3582(c)(1)(A), the court release him from custody or order home confinement due to Covid-19, his health issues, his wife's health issues, and his good conduct during his incarceration.

## DISCUSSION

       18 U.S.C. § 3582(c) permits a court to reduce a defendant's term of imprisonment pursuant to a motion seeking such relief. "Prior to the enactment of the First Step Act, only the [Federal Bureau of Prisons] could" file a motion for a compassionate release or a sentence modification under 18 U.S.C. § 3582(c)(1)(A). *United States v. Willis*, 382 F. Supp. 3d 1185, 1187 (D.N.M. 2019). The First Step Act, however, modified 18 U.S.C. § 3582(c) to allow a defendant federal prisoner to file the motion with the court him or herself. *Id.* Nevertheless, before a defendant can file a motion, the Act requires that the defendant "has fully exhausted all

administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Defendant's motion states that he has "recently started the compassionate release process through [his] unit team at F.C.I. Florence by using the administrative remedy process." Because this statement makes clear that Defendant has not exhausted his administrative remedies, his motion does not meet the requirements of the Act for bringing a motion with the court. Accordingly, the court denies Defendant's motion as untimely. And, to the extent that the exhaustion of administrative remedies must occur before this court has jurisdiction, the court dismisses Defendant's motion for lack of jurisdiction.

## CONCLUSION

Based on the foregoing reasoning, Defendant's Motion for Reduction in Sentence Under 18 U.S.C. § 3582(c)(1)(A) is DENIED as premature and DISMISSED for lack of jurisdiction.

Dated this 18th day of June, 2020.

BY THE COURT:

_Dale A. Kimball_
DALE A. KIMBALL
United States District Judge