## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**DAVID SMALL ,**<br><br>    **Defendant.** | **MEMORANDUM DECISION AND ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(C)(1)(A)**<br><br>**Case No. 2:16-CR-47-DAK**<br><br>**Judge Dale A. Kimball** |

This matter is before the court on Defendant's Motion for Compassionate Release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). Defendant requests that the court release him from custody based on the Covid-19 pandemic and his health concerns as well as changes to § 924(c) under the First Step Act. Defendant filed a pro se motion. Pursuant to General Order 20-019, the United States filed an opposition to Defendant's motion, and the United States Probation Office filed a recommendation that the court deny the motion. Defendant's appointed counsel then filed a reply in support of his motion. The court considers the motion fully briefed.

Defendant was indicted on four counts of Hobbs Act Robbery in violation of 18 U.S.C. § 1951(a), four counts of use and carry of a firearm during a crime of violence under 18 U.S.C. § 924(c) and one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Defendant faced 80 years of minimum mandatory sentences on just the four § 924(c) counts. Defendant entered a Rule 11(c)(1)(C) plea agreement with the United States for a sentence between 144 and 216 months. Pursuant to the plea agreement, Defendant pled guilty to one count of Hobbs Act Robbery and one count of brandishing a firearm during a crime of violence. On August 1, 2017, this court sentenced Defendant to 144 months incarceration

followed by a 60-month term of supervised release.  Defendant has served approximately 5 years of his 12-year sentence.  According to the U.S. Probation Office, Defendant's projected release date, given his prior jail time credit and earned and expected good time credit, is March 28, 2026.

Defendant is 51 years old and has asthma, type 2 diabetes, obesity, chronic periodontitis, and osteoarthritis of the knee.  Defendant tested positive for Covid-19 in December 2020 and was placed in the isolation unit at his facility.  He was released from the isolation unit in January 2021.

"Federal Courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but th[at] rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011).  One exception is contained in 18 U.S.C. § 3582(c)(1).  The First Step Act modified § 3582(c)(1)(A) to allow a federal prisoner to file a motion directly with the court to reduce the defendant's term of imprisonment after the defendant has exhausted administrative remedies with the Bureau of Prisons ("BOP").  *United States v. Willis*, 382 F. Supp. 3d 1185, 1187 (D.N.M. 2019).  In this case, the United States does not dispute that Defendant meets the exhaustion requirement.

Under § 3582(c)(1)(A), a court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that "extraordinary and compelling reasons warrant such a reduction; and . . . such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i).  Based on the plain language of this statute, the Tenth Circuit adopted a three-step test for granting a motion for reduction of sentence: "(1) the district finds that extraordinary and compelling reasons warrant such a reduction; (2) the district court finds that such a reduction

is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the district court considers the factors set forth in § 3553(a), to the extent that they are applicable." *United States v. Maumau*, No. 20-4056, 2021 WL 1217855. *7 (10th Cir. Apr. 1, 2021).

Defendant argues that there are extraordinary and compelling reasons for a reduction in his sentence based on a change in the law with respect to § 924(c) under the First Step Act and his health concerns. When Defendant was sentenced, § 924(c) required a minimum mandatory of either 5, 7, or 10 years of imprisonment depending on what the defendant did with the gun. For every § 924(c) offense that came after that, the law required a consecutive 25-year sentence. Under the First Step Act, Congress changed the statute so that the 25-year mandatory sentence only applies if a person recidivates. Thus, a 25-year minimum mandatory sentence would not be applied to subsequent counts in the same case.

In Defendant's case, he faced a potential 80-year consecutive, minimum-mandatory sentence on the § 924(c) charges. Under the current law, he would face only a 20-year consecutive sentence on those charges. But the plea agreement he reached with the United States only required him to plead guilty to one of the §924(c) counts. Therefore, Defendant did not have 'stacked" § 924(c) sentences. Defendant, however, argues that the potential stacked sentences led the United States to offer him a higher plea deal than they would offer now. Before he faced a sentencing range of 37-46 months for his robbery charges and a consecutive 960 months on his gun charges—or a total range of 997 to 1,006 months (83 years). But now, he would have a range of 37-46 months on the robbery charges and a consecutive sentence of 240 months on the gun charges—or a total range of 277 to 286 months (23 years).

The First Step Act's sentencing adjustments to § 924(c) were not made retroactive. The retroactivity of a statutory provision is a determination made by Congress. *Dorsey v. United*

*States*, 567 U.S. 260, 274 (2012).  In making the changes to § 924(c), Congress specifically addressed which cases the change would apply to: "This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment."

Defendant contends that this lack of retroactivity is irrelevant if the court finds the change in the law combined with other factors to be a compelling and extraordinary basis for purposes of compassionate release.  While Congress did not afford retroactive relief to all Defendants with stacked § 924(c) sentences, it did not "prohibit district courts, on an individualized, case-by-case basis, from granting sentence reductions under § 3582(c)(1)(A)(i) to *some* of those defendants." *Unted States v. McGee*, No. 20-5047, 2021 WL 1168980, *9 (10th Cir. Mar. 29, 2021).

In *United States v. Maumau*, No. 20-4056, 2021 WL 1217855, *9 (10th Cir. Apr. 1, 2021), the Tenth Circuit held that "district courts, in applying the first part of § 3582(c)(10(A)'s statutory test, have the authority to determine for themselves what constitutes 'extraordinary and compelling reasons,' but that this authority is effectively circumscribed by the second part of the statutory test, i.e., the requirement that a district court find that a reduction is consistent with applicable policy statements issued by the Sentencing Commission pursuant to §§ 994(a)(2)(C) and (t)."  The Sentencing Commission has not issued a policy statement in response to the First Step Act's provision allowing Defendants to bring a motion for sentencing reduction directly with the court and the policy statement applicable to motions brought by the BOP is not applicable to direct motions.  *Maumau*, 2021 WL 1217855, at *11-12.  Therefore, the Sentencing Commission's current policy statement does not "constrain district courts' discretion to consider whether any reasons are extraordinary and compelling."  *Id.* at *12.

Although there currently appears to be little constraining district courts from reducing pre-First Step Act mandatory sentences, in *McGee,* the Tenth Circuit explained that the fact that a defendant is serving a pre-First Step Act sentence—in that case a mandatory life sentence—"cannot, standing alone, serve as the basis for a sentence reduction under § 3582(c)(1)(A)(i)." 2021 WL 1168980, at *10.  The court concluded "that it can only be the combination of such a sentence and a defendant's unique circumstances that constitute 'extraordinary and compelling reasons' for purposes of § 3582(c)(1)(A)(i)."  *Id.*

In *Maumau*, the Tenth Circuit upheld the district court's reduction of the defendant's stacked § 924(c) sentences because the district court's "finding of 'extraordinary and compelling reasons' was based on its individualized review of all the circumstances of Maumau's case and its conclusion 'that a combination of factors' warranted relief." *Id.* at *12.  The combination of factors included Maumau's young age and lack of criminal history at the time of sentencing, the "incredible" length of his stacked mandatory sentences under § 924(c); his sentence in relation to his co-defendants' sentences, the First Step Act's elimination of sentence-stacking under § 924(c); and the fact that Maumau would not face such a long sentence today.  *Id.* at *4-5, 12.

In this case, Defendant faced a potential stacked sentence but not an actual stacked sentence.  Defendant argues that the 12-year plea deal would have been lower if Defendant had faced a 23-year sentence rather than an 83-year sentence.  However, the deal is still half of what his potential sentence would be.  Defendant also points to his health conditions as factors contributing to his requested compassionate release, but they are conditions being treated and controlled by the BOP.  In addition, unlike *Maumau*, Defendant was not particularly young when he committed the present offenses and he had an extensive criminal history at the time.  The

court concludes that Defendant has not demonstrated extraordinary and compelling circumstances for a sentence reduction based on the First Step Act's changes to § 924(c).

Defendant also seeks release based on his health concerns and the risk of contracting Covid-19 in his facility.  However, Defendant has had Covid-19 and recovered.  Although his health conditions may have made him prone to a more serious case of Covid-19, he now has a level of natural immunity and will soon be vaccinated.  BOP is in the process of vaccinating inmates, having already administered over 182,000 vaccines to its 128,000 inmates.  With continued rollout of the vaccines, the inmate population will obtain greater protection from the virus.  Moreover, after initial flare-ups at some facilities, BOP instituted measures that have limited the spread of the virus.  As of the date of this Order, Defendant's facility, FCI Florence has no cases among inmates.  Accordingly, the court also finds no basis for an immediate compassionate release based on the Covid-19 pandemic.

## CONCLUSION

Based on the above reasoning, Defendant's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) [ECF No. 81] is DENIED.

Dated this 27th day of May, 2021.

BY THE COURT:

DALE A. KIMBALL
United States District Judge